UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES J. DAVIS, | No. 2:17-cv-2670 DB |
| Plaintiff, | |
| v. | ORDER |
| ANDREW SAUL, Commissioner of Social Security,[1] | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[2] Plaintiff argues that the Appeals Council erred by failing to consider material evidence. Here plaintiff's ailments include diabetes, hypertension and obesity. For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security

////

---

[1] Andrew Saul became the Commissioner of the Social Security Administration on June 17, 2019. See https://www.ssa.gov/agency/commissioner.html (last visited by the court on July 30, 2019). Accordingly, Andrew Saul is substituted in as the defendant in this action. See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 7 & 8.)

1

("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

## PROCEDURAL BACKGROUND

"On May 22, 2014," plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on November 21, 2008. (Transcript ("Tr.") at 17, 170-76.) Plaintiff's application was denied initially, (id. at 94-98), and upon reconsideration. (Id. at 101-05.) Plaintiff requested an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on September 8, 2016. (Id. at 44-64.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 45-46.)

In a decision issued on November 2, 2016, the ALJ found that plaintiff was not disabled. (Id. at 26.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act at least through this decision.
>
> 2. The claimant did not engage in substantial gainful activity since the alleged onset date of November 21, 2008 (20 CFR 404.1571 *et seq.*).
>
> 3. The claimant had the following severe impairments: diabetes with peripheral neuropathy, hypertension, hyperlipidemia, obesity, and lumbago (20 CFR 404.1520(c)).
>
> 4. The claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except he cannot climb ladders, ropes, or scaffolds. He cannot work at heights. He can frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl.
>
> 6. The claimant is capable of performing past relevant work as an operations director, truck mechanic, and truck driver. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, at any time since November 21, 2008, the alleged onset date (20 CFR 404.1520(f)).

(Id. at 19-26.)

On November 6, 2017, the Appeals Council denied plaintiff's request for review of the ALJ's November 2, 2016 decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on December 21, 2017. (ECF No. 1.)

**LEGAL STANDARD**

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

The sole claim found in plaintiff's pending motion is that the Appeals Council erred by failing to properly consider material evidence.[3] (Pl.'s MSJ (Dkt. No. 17) at 7-10.[4]) In this regard, on December 29, 2016, plaintiff submitted to the Appeals Council 13 pages of medical evidence from plaintiff's treating physician, Dr. Stacy Berrong, DO. (Tr. at 2, 31-43, 283-88.) In evaluating plaintiff's notice of appeal, the Appeals Council found that this evidence did "not show a reasonable probability that it would change the outcome of the decision." (Id. at 2.)

> [W]hen a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence.

Brewes v. Commissioner of Social Sec. Admin., 682 F.3d 1157, 1163 (9th Cir. 2012).

Defendant argues that "the new evidence that Plaintiff submitted to the Appeals Council does not change the fact that substantial evidence supports the ALJ's decision." (Def.'s MSJ (ECF No. 20) at 16.) The court disagrees. The record before the court now contains a

---

[3] Although plaintiff's motion also asserts that the court "should vacate the ALJ['s] decision entirely," specifically with respect to the ALJ's adverse credibility finding, plaintiff's "objective was simply not to be bound, on a remand" to the ALJ's prior finding. (Pl.'s MSJ (ECF No. 17) at 10; Pl.'s Reply (ECF No. 23) at 4.) In light of the Appeals Council's error, the ALJ's decision will be vacated and this action remanded for further proceedings consistent with this order. Any future analysis of plaintiff's credibility will have to account for the evidence erroneously ignored by the Appeals Council.

[4] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

medical opinion from a treating physician opining that plaintiff's residual functional capacity was far more limited than that found by the ALJ.

In this regard, Dr. Berrong opined that plaintiff was significantly limited with respect to the ability to reach, handle, and finger. (Id. at 33.) Could sit for only one hour at a time. (Id. at 41.) And could never carry 10 pounds. (Id. at 42.) That is inconsistent with the ALJ's finding that plaintiff could perform medium work.[5] (Id. at 20.) Dr. Berrong also opined that plaintiff's "pharmacotherapy" impaired plaintiff's driving ability and prevented plaintiff from engaging in commercial driving. (Id. at 35.) That is inconsistent with the ALJ's finding that plaintiff could perform past relevant work as a truck driver. (Id. at 25.)

Since the new evidence directly undermines the basis of the ALJ's decision, the court concludes that the Commissioner's decision was "not supported by substantial evidence." Id. at 1164; see also Burrell v. Colvin, 775 F.3d 1133, 1136 (9th Cir. 2014) ("When, as here, the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court and this court must consider when reviewing the Commissioner of Social Security's final decision for substantial evidence.").

Defendant also argues that "Dr. Berrong's opined limitations . . . were inconsistent with the sparse and unremarkable treatment records" as articulated by defendant's motion. (Def.'s MSJ (ECF No. 20) at 22.) The court, however, may not speculate as to the ALJ's findings or the basis of the ALJ's unexplained conclusions. See Burrell v. Colvin, 775 F.3d 1133, 1138 (9th Cir. 2014) ("We are constrained to review the reasons the ALJ asserts."); Bray v. Commissioner of Social Security Admin., 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking."); Stout v. Comm'r, 454 F.3d 1050, 1054 (9th Cir. 2006) (a reviewing court cannot affirm an ALJ's decision denying benefits on a ground not invoked by the

---

[5] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c).

5

Commissioner). Whether there are reasons to discount Dr. Berrong's treating opinion is a matter for the ALJ. See Marchel v. Colvin, No. 2:13-cv-1416 DAD, 2015 WL 546065, at *4 (E.D. Cal. Feb. 10, 2015) ("Because Dr. Parsons' opinion was not before the ALJ, the court can only speculate as to the weight the ALJ would have assigned to that treating physician opinion."). As the ALJ did not have the benefit of Dr. Berrong's opinion, the ALJ should be given the opportunity to review and consider the opinion.

Accordingly, for the reasons stated above, the court finds that the Commissioner's decision is not supported by substantial evidence, and plaintiff is entitled to summary judgment on this claim.

## CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the court cannot conclude that further administrative proceedings would serve no useful purpose. This matter will, therefore, be remanded for further proceedings.

6

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 17) is granted;
2. Defendant's cross-motion for summary judgment (ECF No. 20) is denied;
3. The Commissioner's decision is reversed;
4. This matter is remanded for further proceedings consistent with this order; and
5. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

Dated: August 7, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\davis2670.ord