MCGREGOR W. SCOTT
United States Attorney
DEBORAH LEE STACHEL
Regional Chief Counsel, Region IX
Social Security Administration
CAROLYN B. CHEN, CSBN 256628
Special Assistant United States Attorney
      160 Spear Street, Suite 800
      San Francisco, California 94105
      Telephone: (415) 977-8956
      Facsimile: (415) 744-0134
      E-Mail: Carolyn.Chen@ssa.gov

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

|  |  |
|---|---|
| JAMES DAVIS,<br><br>              Plaintiff,<br><br>       vs.<br><br>ANDREW SAUL,[1]<br>Commissioner of Social Security,<br><br>              Defendant. | No. 2:17-cv-02670-DB<br><br>STIPULATION AND ORDER APPROVING SETTLEMENT OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) |

    IT IS HEREBY STIPULATED by and between the parties, through their undersigned

counsel, subject to the Court's approval, that Plaintiff be awarded attorney fees in the amount of

FOUR THOUSAND THREE HUNDRED DOLLARS ($4,300) under the Equal Access to

Justice Act (EAJA), 28 U.S.C. § 2412(d).  This amount represents compensation for all legal

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).  *See also* section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

1

services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to Plaintiff's attorney. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees to be made directly to Jesse Kaplan pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and expenses, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

Respectfully submitted,

Dated: October 30, 2019

By: /s/ *Jesse S. Kaplan*
JESSE S. KAPLAN
Attorney for Plaintiff
(As authorized by email on October 30, 2019)

Dated: October 30, 2019                    Respectfully submitted,

MCGREGOR W. SCOTT

2

United States Attorney
DEBORAH LEE STACHEL
Regional Chief Counsel, Region IX
Social Security Administration

By:    */s/ Carolyn B. Chen*
CAROLYN B. CHEN
Special Assistant U.S. Attorney

Attorneys for Defendant

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

DATED:  November 6, 2019        /s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE